RUDDELL vs. CHILDRESS et al.

31    511
j78    456

1. SURETY: *Statutory remedy for indemnity.*

The provisions of section 5694 of Gantt's Digest, were not in conflict with section 14, Article i, of the Constitution of 1868, restricting imprisonment for debt to cases of fraud in contracting the debt. Proceedings thereunder are not to arrest a debtor for debt, but to obtain indemnity for the surety against the debt, or liability upon which he is bound, before it is due.

2. SAME: *Sureties on executors' bond.*

Under the provisions of section 5694 of Gantt's Digest, the sureties of an executor who has converted the assets into money and choses in action, and refuses to pay the same over under an order of the Probate Court, and is about to remove from the State, without leaving means to indemnify the sureties, may have him arrested and restrained from departing from the State until he executes a bond, with good security, to indemnify his sureties against liability.

APPEAL from *Independence* Circuit Court.

Hon. CHARLES MINOR, Special Judge.

*Gallagher & Newton,* and *Cockrill,* for appellant.

*Coody, contra.*

WALKER, J. :

This suit was brought by Childress and others, securities upon the executor's bond of Ruddell, to compel him to indemnify plaintiffs as such securities against loss, and to prevent him from removing his person or property out of the State, without first giving such indemnity.

As the main questions of law presented for our consideration arise upon the demurrer to the complaint, and to the sufficiency of the affidavit, it may be best to state the substance of each.

Plaintiffs, Robert A. Childress, Samuel Blair and Leah L. Mayfield, administratrix of Uriah Mayfield, deceased, state that, on the 29th of April, 1867, the will of John Ruddell was probated in the Independence Probate Court. That defendant John

L. Ruddell and Mary Ruddell were named as executors of the will; Mary Ruddell relinquished her executorship, and defendant assumed the sole executorship of the will, and entered into bond in the sum of $30,000, with plaintiffs, and one Willin Hollen, who does not join in the suit, as his sureties. That on the 29th June, of that year, the defendant filed an inventory of said estate, charging himself with $18,132, after which, in 1871, he filed his account current, by which he stood charged with $17,179.94; on the 28th December, 1871, upon further settlement, he was charged with $6,171.09, as a balance remaining in his hands, and for which sum plaintiffs are responsible, and liable to pay as his securities; that on the 7th of July, 1871, an order was made by the Probate Court of Independence County, requiring defendant to give an additional bond for the faithful performance of said trust within ten days, which he failed to do; that his letters testamentary were revoked, and defendant ordered to settle, and pay over the estate so remaiuing in his hands. That afterwards, in June, 1872, plaintiff Robert A. Childress was, by said Probate Court, appointed administrator *de bonis non*, with the will annexed, of said estate; that after such appointment, he demanded of defendant the entire assets of said estate, and an account of the same, which defendant refused. Aver that they are responsible as such securities for the same; charge and believe that defendaut procured them to go upon his said bond with the fraudulent intent and purpose of cheating, injuring and defrauding them out of a large amount of money, and that the course and conduct of the defendant, in the management and settlement of the estate; has fully confirmed this belief of his fraudulent intent in procuring them to sign the bond as securities; that he made false and fraudulent statements in order to procure their signatures, and has since manaaged said estate, and allowed claims against the estate which should not have been allowed, to-wit: The claim of William Byers for $5,427.10, which is near the

amount due upon defendant's pretended settlement, which claim remains unpaid, and which plaintiffs believe it is intended to force them to pay.

That defendant has sold the lands of the estate, and collected the assets thereof to the amount of about $20,000, which he now has under his control, and refuses to pay the claims of the estate, or to account for the same. That defendant has fraudulently disposed of all of his property, and claims to be insolvent and irresponsible for any debts he may contract, when, in truth, as plaintiffs charge and believe, defendant has a large amount of money deposited so that he can get it, and leave the State at any time; and has stated that he would make a large amount out of said estate, and manage it so as to compel his securities to pay or lose a large sum; that he would leave with money enough to live on the balance of his days; that defendant is now making arrangements to leave the State of Arkansas, and go to parts unknown to plaintiffs, as they charge, to consummate defendant's rascality and defraud plaintiffs, as he originally intended to do. Plaintiffs charge that their responsibility has been produced by the fraud of defendant; that defendant has in his possession, or in the possession of others for him, a large amount of money, and securities for money, and is about to depart from this State, and move his property therefrom, with a fraudulent intent, and without leaving property therein sufficient to satisfy any process of the court, after judgment, or any claim of plaintiffs arising out of their liability upon said bond.

In addition to the usual affidavit, verifying the allegations in the bill, it was accompanied with the following affidavit: "The plaintiff, Robert A. Childress, states that the claim in this action against the defendant, John L. Ruddell, is to obtain indemnity against the debts and liabilities for which plaintiffs are bound, as securities for said Ruddell. That it is a just claim, and that

the liability therefor was fraudulently contracted by the defendant, and that he believes they ought to recover thereon indemnity against the said debts or liability in the sum of $30,000, and that the defendant has money, or securities, or evidences of debt in the possession of himself and others for his use, and is about to depart from this State without leaving property therein sufficient to satisfy plaintiffs' claim."

Upon the filing of the complaint and affidavit, an order was made by the clerk to arrest the defendant, which was executed.

Several motions and rulings were had; an answer filed and subsequently withdrawn. A demurrer was filed to the bill as amended, which fully presents the question of its legal sufficiency, and a motion to vacate the order of arrest, which presents the question as to the sufficiency of the affidavit.

*First*—Is the complaint sufficient? Does it present a state of case to bring it within the provisions of the Constitution and of the statute. By sec. 14, Article 1, of the Constitution of 1868, "no person shall be imprisoned for debt in this State; but it shall not prevent the general assembly from providing for imprisonment, or holding to bail, persons charged with fraud in contracting said debt."

The legislative enactment is, Gantt's Dig., Ch. 8, sec. 265, "A defendant in a civil action can be arrested and held to bail only upon the condition and in the manner prescribed in this chapter. Sec. 266. An order for the arrest of the defendant shall be made by the clerk of the court in which the action is brought, at its commencement, or at any time before judgment, when there is filed in his office an affidavit of the plaintiff showing in all cases of arrest, the nature of the plaintiff's claim or debt, and charging the defendant with fraud in contracting the same. That it is just, and the amount or value which the affidavit believes the plaintiff ought to recover; and that affiant

Ruddell vs. Childress et al.

believes, either that the defendant is about to depart from this State, and, with the intent to defraud his creditors, has concealed or removed from this State his property, or so much thereof that the process of the court after judgment cannot be executed, or that the defendant has money, or securities for money, or evidences of debt, in the possession of himself, or of others for his use, and is about to depart from this State without leaving property therein sufficient to satisfy the plaintiff's claim."

Sec. 5694, Gantt's Digest : A surety may maintain an action against his principal to obtain indemnity against the debt or liability for which he is bound, before it is due, whenever any of the grounds exist upon which, by the provisions of Chs. 8 and 9, an order may be made for arrest and bail, or for attachment.

Sec. 5695 : In such action the surety may obtain any of the provisional remedies allowed, and upon the grounds, and in the manner prescribed by law (the provisions referred to in these two sections are those above referred to in secs. 265 and 266.)

It is under the provisions of sec. 5694 that this proceeding is had by the plaintiffs as sureties of Ruddell, not for a debt, or a debt due, but for a liability for which they are bound, and the reference to secs. 265 and 266 is to point out the mode of procedure ; in legal effect to add this provision of law, for the benefit of securities who may be liable to pay on account of their securityship to those enumerated in secs. 265 and 266, as fully as if it had been therein inserted as an additional ground for arrest.

Thus we have the pleading and the law under which the right of action is claimed, and the question is, do the pleadings set forth a cause of action under the provisions of the law.

That defendant was the executor of the estate of John Ruddell; that he executed bond with plaintiffs as securities, took into his possession a large estate, and at the last settlement stood

charged with the sum of $6,171.09, which remained as assets in his hands; that an order of court was made vacating his letters, removing him from his trust, appointing an administrator *de bonis non* to receive the assets in his hands; that he refused to obey the order; still holds the estate; has made way with his property; put it out of the reach of process of the law; has no property which can be reached by process of law; has converted the estate into money, or choses in action, and holds them or has placed them where he can reach them, and is preparing to remove from the State with his money and effects without leaving means to indemnify plaintiffs against loss as such securities, are all facts distinctly and positively stated in the complaint. In addition to these, are averments of fraud and an intention of the defendant to defraud plaintiffs, but the facts which constitute the fraud in the execution or making the contract, as securities, are not given, while such as relate to the management of the trust, and fixing a liability upon the plaintiffs, his securities, to pay a large sum of money as such securities, are fully stated.

If the allegation of fraud in the contracting the debt had been material, it would certainly have been insufficient; the plaintiff should have shown in what the fraud consists—facts conducing to show fraud—but from the view which we take of the case, no such allegation was necessary.

The action is not brought on a debt, or, properly speaking, more than a contingent liability to pay upon a breach of the conditions of the bond of their principal.

It is, in its nature, a bill for a writ of *ne exeat* to restrain the principal debtor from leaving the State, and taking with him his estate, until he has released his securities from liability, or performed the conditions of his bond.

This is a statute remedy, given by sec. 5694, Gantt's Digest. Appellant's counsel insist that this section is unconstitutional,

and is in violation of sec. 14, Ch. 1, of the Constitution of 1868. This section prohibits the legislature from passing laws imprisoning a person for debt, unless there has been fraud in contracting it. To this extent, and for this purpose, it is a prohibition upon legislation, 'ut no further; upon all other subjects the legislative power for this purpose is unlimited. But for constitutional restrictions, the power to legislate is unlimited.

In the *State* v. *Ashley*, 1 Ark., 279, this court held, that the State legislature could exercise all power that is not expressly or impliedly prohibited by the Constitution.

For all other purposes except imprisonment for debt, the power to legislate is as full as if no such prohibition had been made. Sec. 5694 is, therefore, not in conflict with 14th section of the Constitution; it is not a proceeding to arrest a debtor for debt, but to obtain indemnity against a liability for which they, as securities, are bound, on a bond which is not due, the conditions not performed.

The draftsman who prepared the affidavit and complaint seems to have supposed that because secs. 5694 and 5695 referred to secs. 265 and 266, for the manner of proceeding, that it was expected or intended that the forms prescribed in proceedings against a party upon an allegation of fraud in contracting the debt, should be followed, and has attempted to do so. But certainly this was necessary only so far as to make out his case under the 5694th section.

The allegations of fraud in contracting the debt was, therefore, unnecessary, and may be treated as surplusage; the material statements, both in the affidavit and complaint, are in accordance with the statute, and amply sufficient.

The. facts were all, by the demurrer, admitted to be true, and were, by the weight of the evidence, proven to be true, and, we think, entitled the plaintiff to the relief asked.

No answer, or other defense to the merits of the case, was interposed. The court, upon allegations confessed, and the proof introduced, found the allegations to be true; fixed the amount of the indemnity to be given by defendant at $6,000.

Decreed that indemnity be given plaintiffs in that amount, with good security, conditioned that the defendant, as executor, shall pay over and account for all of the assets of said estate that may have come to his hands as such executor, and will protect plaintiffs, and save them from liability because of such securityship, and that bond for that purpose may be taken by the clerk of the court, until which time execution is had upon the body of defendant, and for costs.

Under the state of case presented, we think this decree proper.

Finding no error in the judgment and decree, the same is in all things affirmed.